NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-210

COMMONWEALTH

vs.

A.S.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from a District Court judge's order to seal the records of several nonconvictions at the request of the petitioner, A.S.  On June 5, 2017, A.S. was charged with one count of assault by means of a dangerous weapon in violation of G. L. c. 265, § 15B (b).  The case was dismissed one month later for lack of prosecution.  On August 7, 2018, A.S. was charged with one count of assault and battery on a family or household member in violation of G. L. c. 265, § 13M (a), one count of assault and battery in violation of G. L. c. 265, § 13A, and one count of assault and battery by means of a dangerous weapon in violation of G. L. c. 265,

_____

[1] A pseudonym.

§ 15A (b).  This case was scheduled for a jury-waived trial on January 9, 2019; instead, it was dismissed on that date for lack of prosecution.  On December 21, 2022, A.S. was charged with one count of assault and battery on a household or family member in violation of G. L. c. 265, § 13M (a).  A jury-waived trial was scheduled for October 31, 2023, at which time the Commonwealth filed a nolle prosequi, citing inability to sustain its burden of proof because the alleged victim had failed to appear.

In July 2024, A.S. filed several petitions to seal certain entries on his criminal record, including those mentioned above.  See G. L. c. 276, § 100C; Commonwealth v. Pon, 469 Mass. 296, 297 (2014).  The judge conducted a hearing and considered arguments from both A.S. and the Commonwealth.  After taking the matter under advisement, the judge found that good cause existed to grant A.S.'s petition and sealed the nonconviction records at issue.  We affirm.

Discussion.  We review the motion judge's decision to seal a record for abuse of discretion or error of law.  Pon, 469 Mass. at 299.  "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Kolenovic, 471 Mass.

2

664, 672 (2015), S.C., 478 Mass. 189 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In Pon, 469 Mass. at 321-322, the Supreme Judicial Court "announce[d] . . . a lower standard for sealing" a criminal record under G. L. c. 276, § 100C, requiring that a petition to seal should "set[] forth facts that demonstrate good cause for overriding the presumption of public access to court records." The petitioner has the burden to show good cause for sealing based on the following factors:

> "the particular disadvantages identified by the defendant arising from the availability of the criminal record; evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition."

Id. at 316. The Pon factors are not exclusive, as the judge "may consider any factors relevant to their weighing of the interests at stake." Commonwealth v. J.F., 491 Mass. 824, 842 (2023). In the end, the judge must employ a balancing test to determine whether the petitioner's right to privacy outweighs the public's right of access. Pon, supra.

In this case, the judge, using the Trial Court form entitled "Findings and Order of Court on Petition to Seal

3

Record(s) under G. L. c. 276 § 100C," found that all six factors articulated in Pon weighed in favor of sealing.  Specifically, the judge found that A.S. had shown, with sufficient particularity, Pon factor one; that some disadvantage from the records "exists at this time or is likely to exist in the foreseeable future."  The judge checked the box taking judicial notice that the existence of a criminal record can present barriers to housing and employment opportunities.  The judge also checked the boxes corresponding to a finding that the petitioner established:  (1) the risk of unemployment or underemployment, denial of housing, and homelessness; (2) the potential for reduced opportunities for economic or professional advancement; and (3) reliance on public assistance for support despite efforts to achieve gainful employment.

As to Pon factor two, rehabilitative efforts, the judge considered that A.S., having struggled with substance use for a significant portion of his life, was voluntarily participating and residing in a substance abuse program, had maintained his sobriety, successfully completed probation, and had no further contact with the criminal justice system.  In deciding the applicability of the third Pon factor, alleviating an identified disadvantage, the judge checked the boxes reflecting that the nature of the underlying crimes, the stigma associated with the

4

crimes, and the positive impact that sealing has on the sense of privacy, weighed in favor of sealing.  Finally, as to Pon factors four, five, and six, the judge found that the ages of the cases, the passage of time since the dates of the offenses, the dates of dispositions of the cases, and the nature and reasons for the dispositions all weighed in favor of sealing the nonconvictions.

The Commonwealth argues that the judge abused his discretion because A.S.'s charges showed a pattern of domestic violence and that insufficient time had passed since the dismissal of his most recent charge.  It further argues that, because of the dynamics of domestic violence, the weight applied to nonconviction of a charge of domestic violence should be heavier than is applied to nonconviction of other charges.  The Commonwealth also argues that the judge's use of the Trial Court form for his decision lacked specificity because the judge failed to explicitly state that he had considered (and rejected) any of the Commonwealth's arguments opposing the petition.

After reviewing the record that was before the judge, we are confident there was no abuse of discretion in sealing A.S.'s nonconvictions.  We disagree with the Commonwealth's contention that the balancing of the Pon factors requires a different result.  The Commonwealth quarrels with certain of the judge's

5

findings, such as the finding that A.S. adequately established his reliance on public assistance.  The docket entries before the judge showed that, as recently as 2023, A.S. was represented by a court-appointed attorney.  Moreover, at his hearing, A.S. was represented by an attorney from Community Legal Aid, which the judge could take judicial notice represents low-income residents.  Finally, the judge learned at the hearing that A.S. was working two part-time jobs at a local coffee house and a hotel, respectively.  Therefore, we cannot say that the judge's finding that A.S. relied on public assistance despite efforts to achieve gainful employment was erroneous.  In any event, even if the record did not support this particular finding, it was but a single factor among many.  Considering all the other facts in the record that supported A.S.'s petition, we cannot say the judge abused his discretion in determining that A.S. "demonstrate[d] good cause for overriding the presumption of public access to court records."  Pon, 469 Mass. at 322.

Indeed, the evidence in the record more than amply supported the judge's findings that A.S. had made strides in rehabilitation after he voluntarily entered a recovery program to address his longstanding struggle with substances and had maintained his sobriety thereafter.  In addition, A.S. enrolled at a community college to pursue a career in counseling.  The

6

Commonwealth argues, in essence, that A.S.'s rehabilitation was lacking because he did not successfully complete a program addressing his pattern of domestic violence. This argument misses the mark, however, as there is no one single method required to demonstrate rehabilitation, nor any necessary quantum of rehabilitative efforts that must be accomplished. Rather, we leave the weighing of these facts to the sound discretion of the judge. See Commonwealth v. K.W., 490 Mass. 619, 631 (2022) (weighing Pon factors in judge's discretion).

Next, the Commonwealth claims that the judge improperly found that A.S. had met his burden of establishing the particular disadvantages he faces due to his criminal record. In essence, the Commonwealth claims that A.S. failed to show he faced disadvantages because the judge heard evidence that A.S. had graduated from a recovery program, found an apartment, and secured employment. Pon makes clear, however, that a petitioner need only make a credible allegation of "some disadvantage stemming from [criminal offender record information] availability that exists at the time of the petition or is likely to exist in the foreseeable future. This can include, but is not limited to, a risk of unemployment [or] underemployment" (emphasis added). Pon, 469 Mass. at 316-317. Moreover, while A.S. was employed, his employment was not full-

7

time, and the judge could properly consider this fact when balancing the interests of privacy with that of public access. Likewise, the Commonwealth quarrels with the judge's conclusion that A.S. presented sufficient evidence of rehabilitation, arguing that, while he had enrolled in anger management, he had not completed a domestic abuse program. While the Commonwealth may be correct that participation in a domestic violence program would have been more beneficial to reducing the risk of harm presented by A.S., there was no evidence presented to the judge to support the Commonwealth's contention, and we cannot say that the judge abused his discretion by crediting the anger management courses.

Citing J.F., 491 Mass. at 843, the Commonwealth argues that the judge's failure to specify the reasons for his decision should result in vacatur of the order and remand. We disagree, as J.F. does not stand for the proposition that the judge must specifically articulate the reasons he did not accept the Commonwealth's opposition. Rather, J.F. stands for the proposition that judges must establish that they have engaged in the appropriate balancing of the interests and explicitly state the factors that were considered. Id. at 844. In concluding that A.S.'s nonconvictions should be sealed, the judge considered the oral and written arguments of both parties. He

8

was actively engaged in the hearing and asked questions of A.S. and his counsel.  The evidence presented at the hearing provided ample support for the judge's findings and order, and the judge was not required to specifically articulate why he did not accept the Commonwealth's arguments.

<u>Order allowing petition to seal records affirmed</u>.

By the Court (Walsh, Toone & Tan, JJ.[2]),

Clerk

Entered:  February 5, 2026.

---

[2] The panelists are listed in order of seniority.